Proof was offered that the name of the appellant was Carl Jackson.

It was stipulated that appellant was the same person who was convicted in the prior case alleged.

Appellant did not testify or offer any evidence in his behalf.

■ We find the evidence sufficient to support the conviction.

■ Appellant contends that the trial court erred in refusing appointed counsel time to prepare his defense which deprived him of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

Bill of Exception No. 1 reveals that on July 19, 1955, the Judge of the Criminal District Court of Harris County appointed an attorney to represent appellant and advised him that the case was set for trial that day, at which time the appointed attorney orally requested the court to reset the case in order to allow him time to make an investigation and prepare a defense, which request was denied.

The Judge of the Criminal District Court of Harris County qualified said bill as follows: that he had no recollection of any request for a postponement being made; that on the day of the appointment he transferred said cause to Criminal District Court No. 2 of Harris County, and had no knowledge of the procedure followed upon the trial of that court; and that no objection was made to any action of the court prior to the transfer of the case.

The proof in the statement of facts does not reveal any defense.

The judgment reveals that when this case was called in Criminal District Court No. 2, appellant announced ready for trial. It is not shown that any motion for a postponement or a continuance was duly presented. Under this record, it appears that appellant is in no position to complain that he was placed on trial at the time the case was called. 12 Tex.Jur. 618, Sec. 285; King v. State, 146 Tex.Cr.R. 572, 176 S.W.2d 954.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

Weldon Burl HUBBARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 28131.

Court of Criminal Appeals of Texas.

March 7, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Unlawfully selling whisky in a dry area is the offense; the punishment, a fine of $300.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.